UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON DELEO,

        Plaintiff,

  vs.                          Case No. 19-CV-12950

DHARMESH MODI,        HON. GEORGE CARAM STEEH

        Defendant.
_____/

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [ECF NO. 34]

    This case arises out of a collision between a motor vehicle driven by defendant Dharmesh Modi and a motorized scooter operated by plaintiff Jason DeLeo. In the First Amended Complaint, DeLeo alleges that Modi was negligent when he exited a parking garage in the City of Detroit, in violation of his duty of care, striking and injuring DeLeo. The matter is before the court on Modi's motion for summary judgment (ECF No. 34). Upon a careful review of the written submissions, the court deems it appropriate to render its decision without a hearing pursuant to Local Rule 7.1(f)(2). For the reasons set forth below, defendant's motion for summary judgment is DENIED.

## FACTUAL BACKGROUND

Dharmesh Modi works in downtown Detroit and parks his car at the Kennedy Square Garage ("Garage") on Griswold Street. On September 12, 2018, Modi and his co-worker, Thomas Hanley, were leaving work to go to lunch. Modi was driving his car and Hanley was in the front passenger seat. On the same day, Jason DeLeo and his friend Alexandro Cardona rented two motorized scooters in downtown Detroit. The two men were riding the scooters on the sidewalk on the east side of Griswold Street, approaching the entrance and exit of the Garage. DeLeo was riding in front of Cardona, and just as DeLeo passed in front of the Garage, Modi's vehicle was exiting the Garage. Modi struck DeLeo with his car, causing DeLeo to fall to the ground and sustain injuries.

Cars leaving the Garage exit on the right side from the perspective of the driver. There is a wall adjacent to the driveway used by exiting vehicles which obstructs a driver's ability to see things on the sidewalk to the right of the Garage. DeLeo was approaching the Garage opening from the right side. There is a mirror positioned at the top of the Garage for drivers to use so they can see the sidewalk on either side of the Garage. Modi testified that upon approaching the sidewalk, he first looked to the mirror, then he looked to his right side to make sure there were no pedestrians coming, and finally he looked to the left side for pedestrians and cars because he was planning to make a left turn out of the

Garage (ECF No. 34-4, PageID.235, 243-244).  However, as Modi pulled forward out of the Garage, DeLeo was in front of his car.  Modi applied his brakes, but not soon enough to avoid a collision between DeLeo and the front of Modi's car.  Both Modi and Hanley testified that they did not see DeLeo approaching on the sidewalk before the time of impact.  (ECF No. 34-4, PageID.247-248; ECF No. 34-5, PageID.263-264).

     There is a stop sign inside the Garage located at an unspecified distance before the sidewalk.  Modi testified that he did not make a complete stop at the stop sign but rather he rolled through the stop sign and kept rolling as he entered the sidewalk (ECF No. 34-4, PageID.237, 250).  Modi acknowledged that some people exiting a garage pull up a little bit, then stop, then pull up a little more, but he testified that this is not what he did (ECF No. 34-4, PageID.250).  When asked how fast his vehicle was traveling at the time of impact, Modi answered that he was "maybe" going "a little bit faster" as he exited the Garage (ECF No. 34-4, PageID.249).

     The Garage has taken certain precautions to warn pedestrians and drivers that a car is exiting.  First, there is a sign at the opening of the Garage, facing the sidewalk adjacent to the exit, that reads: "CAUTION WATCH FOR VEHICLES EXITING BLDG."  Second, attached to the wall where the exit meets the

sidewalk, a light flashes when a car is coming out of the Garage. Third, an alarm sounds when a car exits the Garage.

Modi testified that all three warnings were present and working on the day of the accident (ECF No. 34-4, PageID.241). Hanley testified that after the accident he remembers that the light and siren were still going off (ECF No. 34-5, PageID.264). He admitted that before the car exits the Garage there is no way for the passenger to see whether the warning light was flashing because their vision is obstructed by the wall (ECF No. 34-5, PageID.264-265). DeLeo and Cardona both testified that they did not see any lights or hear any sirens warning them that a vehicle was exiting the Garage (ECF No. 34-2, PageID.194-195; ECF No. 34-3, PageID.211).

The video exhibits (Defendant's Ex. G and H) appear to show a sign on the sidewalk outside the Garage, but the words on the sign are not legible in the video. One of the videos also shows a flashing light that begins flashing seconds before the impact occurs. Another thing that is seen on the videos is that both the scooters and the car are in motion, and neither appears to stop or even pause at any time before impact. The video does not have audio, so it is not possible to verify if or when the siren was sounding.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Tolan v.* Cotton, 572 U.S. 650, 660 (2014); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of

*some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (*citing Anderson*, 477 U.S. at 252).

## ANALYSIS

Under Michigan law, a plaintiff injured in a motor vehicle accident cannot recover damages from the alleged at-fault driver if the plaintiff was more than 50% at fault in causing the accident. MCL 500.3135(2)(b) ("Damages must be

assessed on the basis of comparative fault, except that damages must not be assessed in favor of a party who is more than 50% at fault.").

The Michigan Uniform Traffic Code, which has been adopted by the City of Detroit, considers a person who is riding a scooter to be a pedestrian. Detroit Traffic Ordinance Sec. 46-3-1; Michigan Uniform Traffic Control Rule 28.1201 Rule 204. A driver is required to yield the right of way to pedestrians. (Accident Reconstruction Report, citing Secretary of State driving manual, ECF No. 36-7, PageID.406-407). A pedestrian must make proper observations of traffic and "exercise the degree of care and caution which an ordinarily careful and prudent person would exercise under like circumstances." *Malone v. Vining*, 313 Mich. 315, 321 (1946).

The evidence in this case, as described above, would allow a reasonable jury to conclude that Modi did not make a complete stop prior to crossing the sidewalk and was continuously "rolling" as he exited the Garage. The evidence also suggests that as DeLeo approached the Garage, the warning light activated mere seconds before impact. The video does not make clear if or when the alarm started to sound, or whether it was reasonable for DeLeo to notice and read any written warnings with enough time to prevent the accident.

Taking the facts in the light most favorable to DeLeo, this court cannot say that DeLeo's negligence exceeded Modi's as a matter of law. This case requires the reasonable person standard to be applied to the conduct of both parties, which is a determination that must be made by the jury.

## CONCLUSION

For the reasons stated above, defendant's motion for summary judgment (ECF No. 34) is DENIED.

Dated: February 11, 2021

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 11, 2021, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk